IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**                                          **PLAINTIFF**

v.                                                                                   **CIVIL ACTION NO.: 2:24-cv-86-KS-MTP**

**GREATER SOUTHEAST CONSTRUCTION, LLC,** *et al.*                                    **DEFENDANTS**

## ORDER SETTING HEARING ON MOTION TO WITHDRAW, SETTING DISCOVERY AND STATUS CONFERENCE, DIRECTING DEFENDANTS TO RESPOND TO THE MOTION TO COMPEL, AND REQUIRING DEFENDANTS TO PERSONALLY APPEAR AT THE HEARING

THIS MATTER is before the Court on the Motion to Withdraw as Counsel [46] for all Defendants and Plaintiff's Motion to Compel [43] and following various delays prohibiting the development of this case.[1]

---

[1] Plaintiff filed its Complaint [1] on June 13, 2024. Having been served with process, Defendants were required to answer by July 22, 2024. *See* [3] [4] [5]. Defendants, however, moved for additional time to respond to the Complaint [1] on four occasions in hopes that the parties could mediate their disputes before further engaging in this lawsuit. *See* [6] [8] [9] [10]. The Court granted each request. The parties were unable to settle their disputes in mediation. So, nearly four months after the Complaint [1] had been filed, Defendants answered the Complaint [1] on October 9, 2024. *See* [11]. They also asserted counterclaims. Because the parties had not yet filed their Fed. R. Civ. P. 7.1 disclosure statements, the Court directed that the parties do so by not later than October 18, 2024. *See* Order [13]. They did. The disclosure statements filed by Defendants Greater Southeast Construction, LLC, Colony Construction, LLC, Noble VII, LLC, and One3 Electric, LLC, however, were deficient. The Court ordered the LLC Defendants to supplement their disclosure statements in compliance with Rule 7.1. *See* Order [19]. They did so on November 4, 2024. A Case Management Order [28] was entered on November 12, 2024. The parties then engaged in discovery and later became embroiled in a discovery dispute. Plaintiff requested a conference with the Court to discuss documents that they said Defendants had not produced. On February 14, 2025, the Court attempted to conduct a telephonic discovery conference agreed to and confirmed by all parties. Plaintiff's counsel appeared; Defendants' counsel did not. The Court authorized Plaintiff to file a motion to compel the documents it believes that it should possess. Plaintiff filed its Motion to Compel [43] on February 28, 2025. It remains pending.

1

As to the Motion to Withdraw [46], the clients have not joined in or consented to the withdrawal. The Motion [46], therefore, will be set for an in-person hearing to allow the Defendants an opportunity to respond and to ensure that Defendants are aware that business entities (*i.e.*, limited liability companies) are not permitted to proceed without counsel.[2]

The Motion to Withdraw [46] indicates that it is based, in part, on defense counsel's difficulty communicating with the Defendants "regarding discovery and material case developments." [46] at 1. Accordingly, the Court will also conduct a status conference with the parties to discuss the status of discovery in this matter and to identify the impediments to the discovery process.

As to the Motion to Compel [43], Plaintiff contends that Defendants have not yet produced documents identified in their initial disclosures nor those requested through written discovery to which Defendants "may have agreed to produce or to which they did not object." [43] at 1. Defendants are directed to respond to the Motion to Compel [43] by not later than March 14, 2025. *See* L.U. Civ. R. 7(b)(4). If necessary, the Court will address the Motion to Compel [43] during the conference.

IT IS, THEREFORE, ORDERED that:

1. The Motion to Withdraw [46] is hereby set for hearing on **March 20, 2025, at 9:30 a.m. in Courtroom 2, United States Courthouse, 701 N. Main St., Hattiesburg, Mississippi, 39401**. A discovery and status conference will be held on this same date and time;

2. **The individual Defendant, John W. Adcock, and a representative for Defendants Greater Southeast Construction, LLC, Colony Construction, LLC, Noble VII, LLC, and One3 Electric, LLC, are ordered and directed to attend the hearing**; and

---

[2] *See TenPearls, LLC v. Medulla Int'l, LLC*, 2023 WL 3292883, at *1 (E.D. Tex. May 5, 2023) ("Because Defendant ... is a limited liability company, it cannot proceed pro se in federal court."); *see also Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 54-56 (5th Cir. 1982).

3. Defendants shall respond to the Motion to Compel [43] by not later than March 14, 2025.  If the Motion to Compel [43] is not resolved prior to March 20, 2025, the Court will conduct a hearing on the Motion [43] on March 20, 2025, at 9:30 a.m.

SO ORDERED, this the 12th day of March, 2025.

                                         s/Michael T. Parker
                                         United States Magistrate Judge