IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 2:24-cv-86-KS-MTP**

**GREATER SOUTHEAST CONSTRUCTION, LLC,** *et al.*　　　　　　**DEFENDANTS**

## ORDER

THIS MATTER came before the Court for hearing on March 20, 2025, on Plaintiff's Motion to Compel the Production of Documents [43]. Having considered the record and having heard from the parties during the motion hearing, the Court finds that the Motion to Compel [43] should be GRANTED.

## BACKGROUND

On June 13, 2024, Plaintiff filed its Complaint [1] against Greater Southeast Construction, LLC, Colony Construction, LLC, Noble VII, LLC, One3 Electric, LLC, and John W. Adcock. After receiving numerous extensions, Defendants filed their Answer and Counterclaims [11] on October 9, 2024. A Case Management Order [28] was entered on November 12, 2024, and indicated that the parties had fully complied with the pre-discovery disclosure requirements of L.U. Civ. R. 26(a)(1). Now, though, Plaintiff says that all Defendants have failed to produce any documents with their Rule 26 initial disclosures, which they say were due on November 8, 2024. Additionally, Plaintiff says that Defendants John W. Adcock, One3 Electric, LLC, and Colony Construction, LLC, have not produced the documents identified in their responses to written discovery requests that they did not object to producing.

On February 10, 2025, Plaintiff's counsel sent an email to Defendants' counsel requesting that the Defendants "fully produce their documents by not later than February 17,

1

2025." [44] at 3.  Defendants did not respond to the email within 24 hours as requested by Plaintiff.  But on February 12, 2025, Defendants' counsel responded that he was "unaware that a link to document production was not sent with responsive, non-privileged documents in our possession," and that such an oversight could be "easily rectified."  [44-6] at 1.   But, it was not rectified.  Plaintiff then requested a telephonic discovery conference to address the issue as required by Paragraph 6F in the Case Management Order [28].

The undersigned attempted to conduct a telephonic discovery conference on February 14, 2025, at 10:00 a.m., a time and date agreed to by all parties.  Plaintiff's counsel participated; Defendants' counsel did not appear as agreed.  The undersigned, therefore, authorized Plaintiff "to file a motion to compel the documents identified in Defendants' initial disclosures that have not yet been provided and the documents that Plaintiff requested from Defendants through written discovery which Defendants may have agreed to produce or to which they did not object."  Min. Entry 02/14/2025.

Two weeks later, on February 28, 2025, Plaintiff filed the instant Motion to Compel [43].  Plaintiff says that, despite identifying documents to be produced in their initial disclosures and despite agreeing to produce documents via a link in response to Plaintiff's discovery requests, the Defendants have failed to produce a single document.  [44] at 4.  Plaintiff, therefore, requests the Court to compel the production of documents identified in Defendants' initial disclosures that have not yet been provided.  Plaintiff also asks the Court to compel the production of the documents that it requested from Defendants John W. Adcock, One3 Electric, LLC, and Colony Construction, LLC, through written discovery, which those Defendants may have agreed to produce or to which they did not object.

2

Defendants oppose the Motion [43] and say that it is premature.  Defendants also say that that they no longer possess most of the requested documents, but that Plaintiff is in possession of over 12,000 documents previously produced by Defendants before litigation.  In any event, Defendants say that, since the Motion [43] was filed, they have produced all non-privileged, responsive documents.  Indeed, on March 13, 2025, Defendants provided Plaintiff with a link that included "every document in their possession as documents bates-labeled Defendants 000001-000154."  [49] at 4.  So Defendants contend that the Motion to Compel [43] should be denied as moot.  They also say that fees are unwarranted because they have not acted in bad faith and Plaintiff has suffered no prejudice from the delayed production.

Plaintiff disagrees and says that Defendants have only "*partially* complied" with its discovery requests.  [51] at 1 (emphasis in original).  Moreover, Plaintiff argues that Defendants have not complied in good faith throughout the discovery process and that taking "four months to produce 23 documents is the antithesis of good faith efforts to comply with a party's discovery obligations."  *Id*. at 5.  Plaintiff urges the Court to grant the Motion [43] and award fees.

## ANALYSIS

Federal Rule of Civil Procedure 37(a) governs a motion to compel discovery responses.  A party seeking discovery may move for an order compelling production against another party when the latter "fails to produce documents or to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).

Additionally, Federal Rule 26(a)(1)(C) requires parties to exchange initial disclosures without request and upon their own initiative within fourteen days of the Rule 26(f) conference, or by a time stipulated by the parties.  Fed. R. Civ. P. 26(a)(1)(C).  The Rule specifies what type of disclosures a party must make, including, but not limited to electronic files the disclosing

party has in its possession and may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A). If one party fails to make their required initial disclosures, then the other party may move to compel initial disclosures and for appropriate sanctions under Federal Rule of Civil Procedure 37(a).

In turn, Federal Rule 37(a)(5)(A) provides that if the Court grants the motion to compel, "or if the disclosure or requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Here, Defendants argue that the Motion to Compel [43] is moot and that fees should be denied because they ultimately provided a link with 23 responsive documents. At the motion hearing, however, Plaintiff complained that Defendants still failed to produce the following documents identified in their initial disclosures: 1) ESI between individuals identified in their initial disclosures, including John Adcock and Adam Street; and 2) documents sufficient to show that Plaintiff "failed to defend claims against the performance and payment bonds at issue, negligently and/or recklessly paid claims that Defendants were not obligated to pay, pressured Colony Construction, LLC to close its doors, voluntarily default, and abandon its project(s)[.]" [44-1] at 4.

During the motion hearing, the Defendants confirmed that the 23 responsive documents include all ESI between individuals identified in their initial disclosures. But Defendants said that they would verify no other such ESI exists. Defendants will be given thirty days to provide such verification and to produce any outstanding relevant ESI not previously produced.

The documents supporting Defendants' claims against Plaintiff apparently were not produced, however. Defendants say that the 12,000-plus documents already possessed by Plaintiff should include those records. But Defendants have not identified which of those documents support their claims as required by Fed. R. Civ. P. 26(a)(1)(A). Defendants will be given thirty days to identify and produce the documents identified in their initial disclosures that support their claims against Plaintiff.

Based on these reasons, the Court is not convinced that the Motion to Compel [43] is moot and finds instead that it should be granted in part to the extent set forth above.[1] The Court now turns to the issue of fees.

As noted, if the Court grants the motion to compel or if the disclosure or requested discovery is provided after a motion to compel was filed, the Court must order the non-compliant party, his attorney, or both, to pay the movant's "reasonable expenses incurred in making the motion [to compel], including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court must not order payment only if: (1) the movant did not, in fact, attempt in good faith to obtain the requested discovery responses without court action; (2) the failure to respond was substantially justified; or (3) any other circumstance makes the award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

---

[1] The Motion [43] is premature, in part, as to the documents mentioned in Defendants' initial disclosures that were reviewed or relied upon by expert witnesses and all such reports authored by any expert witness. Any such request is premature as experts have not yet been identified, and Plaintiff conceded this point at the motion hearing. The Motion [43] is moot as to the documents that Defendants produced to Plaintiff in response following the Motion to Compel [43], although Plaintiff takes issue that all such documents have been produced.

Under the circumstances presented, the Court finds that fees are warranted. Plaintiff attempted to confer in good faith without Court action to resolve the issues before the Court.[2] Defendants have not provided any substantial justification for their failure to timely respond. They failed to attend the discovery conference which could have prevented the filing of the instant Motion to Compel [43]. Likewise, Defendants failed to produce the documents via a link until March 13, 2025—despite representing that such a link was in existence as early as February 12, 2025. And the documents were not produced until the Court ordered a response to the instant Motion to Compel [43]. Defendants offer no persuasive justification for this delay. No other circumstances have been identified or are otherwise apparent which would make an award of attorney's fees and expenses unjust. Accordingly, the uncontested facts support such an award in accordance with Fed. R. Civ. P. 37(a)(5)(A).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel the Production of Documents [43] is GRANTED;

2. By not later than April 21, 2025, Defendants shall produce the following: 1) ESI between individuals identified in their initial disclosures; and 2) documents sufficient to show that Plaintiff failed to defend claims against the performance and payment bonds at issue, negligently and/or recklessly paid claims that Defendants were not obligated to pay, pressured Colony Construction, LLC to close its doors, voluntarily default, and abandon its project(s); and

3. Plaintiff's request for attorney's fees and costs is granted. By not later than April 1, 2025, Plaintiff shall submit an application to the Court for its reasonable attorney's fees and costs associated with the Motion to Compel [43]. Defendants shall respond to the application by not later than April 11, 2025. Thereafter, the Court will enter an award of any fees and costs found to be necessary and reasonable in bringing the Motion [43].

---

[2] And Plaintiff allowed Defendants multiple extensions (to no avail) to produce the documents which were identified in their initial disclosures or which they agreed to produce without objection in response to Plaintiffs' written discovery requests.

SO ORDERED, this the 21st day of March, 2025.

                                                  s/Michael T. Parker
                                                  United States Magistrate Judge