IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 2:24-cv-86-KS-MTP**

**GREATER SOUTHEAST CONSTRUCTION, LLC,** *et al.*　　　　　**DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees and Costs [55]. Having considered the Motion [55], the parties' submissions, and the applicable law, the Court finds that the Motion [55] should be GRANTED in part and DENIED in part.

## BACKGROUND

On February 28, 2025, Plaintiff filed a Motion to Compel [43] the production of documents, including those identified in Defendants' initial disclosures and those requested from Defendants John W. Adcock, One3 Electric, LLC, and Colony Construction, LLC, through written discovery, which the Defendants may have agreed to produce or to which they did not object. After briefing on the Motion [43] was completed and after having heard from the parties during the March 20, 2025, motion hearing,[1] the Court granted Plaintiff's Motion to Compel [43]. *See* Order [53]. The Court also granted Plaintiff's request for its attorney's fees and costs associated with bringing the Motion [43] and instructed Plaintiff to file an application for such fees and costs.

On April 1, 2025, Plaintiff filed the instant Motion for Attorney's Fees and Costs [55] along a supporting memorandum brief. Plaintiff also submitted an affidavit from its counsel

---

[1] The Court also heard arguments regarding defense counsel's Motion to Withdraw as Counsel [46].

setting forth the hourly rates charged by its New Orleans-based attorneys and an itemization of fees and expenses incurred in bringing the Motion to Compel [43].

Defendants oppose the Motion for Attorney's Fees and Costs [55]. They argue that Plaintiff failed to establish that its counsel's hourly rates were reasonable since it failed to submit an affidavit from a Hattiesburg-based attorney supporting the requested rate. As such, Defendants urge the Court to decline the attorney's fees requested by Plaintiff and instead modify the attorney fee amount "to a reasonable fee and amount in the Hattiesburg area." [59] at 5. Additionally, Defendants say that the Court should not award any fees to Plaintiff for the time its counsel spent traveling from New Orleans, Louisiana, to Hattiesburg, Mississippi, for the March 20, 2025, motion hearing or, alternatively, to reduce the reasonable hourly rate for Plaintiff's counsel by fifty percent for any travel time associated with the Motion to Compel [43].

## ANALYSIS

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney's fees, multiplying the number of hours spent on the matter by a reasonable hourly rate for such work in the community. *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). "Reasonable hourly rates are typically calculated through affidavits submitted by attorneys practicing in the community in which the district court is located." *Auto Parts Mfg. Miss. Inc. v. King Constr. of Houston, LLC*, 258 F. Supp. 3d 740, 754 (N.D. Miss. 2017) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). In considering the award, the Court considers the twelve factors

set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *See Combs*, 829 F.3d at 392.

***Reasonable Rate***

In his affidavit, Plaintiff's counsel states that Plaintiff incurred $4,371.00 in attorney's fees "directly related to drafting the Motion and related documents and the time preparing for, driving to, and attending" the March 20, 2025, motion hearing. The affidavit provides that the total fee amount accounts for 14.1 hours billed by two attorneys (both partners) that practice in New Orleans, Louisiana, at an hourly rate of $310.00.

Defendants complain that Plaintiff's counsel did not submit an affidavit or declaration from an attorney averring that the hourly rate requested is reasonable for lawyers practicing in Hattiesburg—where this action is pending. As such, Defendants argue that Plaintiff has failed to establish the reasonableness of its counsel's hourly fee rates, and Defendants urge the Court to reduce the hourly fee rate to one "reasonably charged by attorneys in the Hattiesburg area." [59] at 4. Defendants did not provide the Court with any "reasonable" rates for guidance.

Nevertheless, the Court may look to other Mississippi District Court decisions to determine the prevailing rate. *See Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761 (5th Cir. 1996); *Pickett v. Miss. Bd. of Animal Health*, 2021 WL 4979009 (S.D. Miss. Oct. 26, 2021). In so doing, the Court is not bound by a "hyper-local" focus and may determine the prevailing

---

[2] The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 n.3 (5th Cir. 2018).

3

community standard for hourly rates by reference to the entire state of Mississippi. *Pickett*, 2021 WL 4979009, at *4; *see also United States ex rel Jehl v. GGNSC Southaven, LLC*, 2024 WL 1145962, at *2 (N.D. Miss. Mar. 14, 2024).

Given the nature of this litigation and the experience of Plaintiff's counsel, the undersigned finds that $310.00 is a reasonable hourly rate and in accordance with other awards in Mississippi federal courts.[3] *See, e.g., Affordable Care, LLC v. JNM Office Property, LLC*, 2022 WL 3271092, at *7–*8 (S.D. Miss. Aug. 10, 2022) (awarding $310 hourly rate for partners); *Haddonfield Foods, Inc. v. S. Hens, Inc.*, 2022 WL 20438231, at *2 (S.D. Miss. Nov. 3, 2022) (awarding $450 and $325 hourly rates for partners); *S. Refuge, LLC v. Bondurant*, 2023 WL 2998475, at *3 (S.D. Miss. Apr. 18, 2023) (awarding between $395 and 345 hourly rates for partners).

***Hours Expended***

The Court next considers the hours that Plaintiff claims it should be compensated in attorney's fees. Regarding the hours expended, "[t]he Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude 'unproductive, excessive, or redundant hours.'" *Brown v. Ascent Assurance, Inc.*, 191 F. Supp. 2d 729, 733 (N.D. Miss. 2002) (quoting *Walker*, 99 F.3d at 770)). The Court is mindful, though, that its "goal ... is to do *rough* justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (emphasis added).

---

[3] Plaintiff also notes that Defendants' counsel once averred that he normally charged $330.00 per hour in 2010 with 14 years of experience (at that time), which is higher than the $310.00 hourly rate Plaintiff's counsel now seeks with 16 years of experience. *See L & A Contracting Co. v. Byrd Bros., Inc.*, 2010 WL 1223321, at *2 (S.D. Miss. Mar. 24, 2010).

Here, Plaintiff says that its counsel spent 14.1 hours "directly related to drafting the Motion and related documents and the time preparing for, driving to, and attending" the March 20, 2025, motion hearing. According to the affidavit submitted by Plaintiff's counsel, two attorneys, both of whom are partners, worked on the assignment: Mr. Mangum (11 hours) and Ms. Daily (3.1 hours).[4]

As an initial matter, the Court finds that Defendants should not be responsible for the 3.1 hours spent by Ms. Daily in drafting, editing, revising, and preparing documents regarding the Motion to Compel [43], a rather common discovery motion. Instead, Defendants should only be responsible for the 3.8 hours spent by Mr. Mangum preparing documents in connection with the Motion to Compel [43] at $310.00 per hour, totaling $1,178.00.[5]

Next, Plaintiff seeks an award for Mr. Mangum's time spent in connection with the March 20, 2025, motion hearing, which includes 2.5 hours preparing for the hearing and 0.9 hours attending the hearing. The motion hearing also consisted of hearing arguments concerning Defendants' Motion to Withdraw [46]. The time entry provided by Plaintiff's counsel does not indicate whether any time spent preparing for the motion hearing regarding both Motions [43] [46] overlapped. The Court will, therefore, reduce the time spent attending the hearing to 0.5 hours and reduce the time spent preparing for the motion hearing to 1.25 hours. Accordingly,

---

[4] An associate also worked on the assignment, but counsel for Plaintiff "opted not to include that time, which was a further discount of $2,756.00." [60] at 4.

[5] The Court in no way suggests that the time spent by co-counsel was wasted or somehow ineffective. To the contrary, her participation and time spent on the tasks performed appear to have been responsibly executed for the benefit of the client. Even so, when shifting fees to another party, the Court will generally limit the recovery to the work strictly necessary in bringing the motion to compel.

Defendants shall also be responsible for 1.75 hours spent by Mr. Mangum preparing for and attending the motion hearing at $310.00 per hour, totaling $542.50.

Finally, Plaintiff requests an award for 3.8 hours of Mr. Mangum's time spent driving to Hattiesburg, Mississippi, from New Orleans, Louisiana, and back to attend the March 20, 2025, motion hearing. Defendants argue that they should not be required to pay for Mr. Mangum's traveling time. In support, they say that, because the motion hearing also related to Defendants' Motion to Withdraw [46], no additional expense accrued for Plaintiff since it objected to the Motion [46] "requiring a hearing."[6] [59] at 6. But, if awarded, Defendants say that the hourly rate should be reduced by fifty percent for traveling because Plaintiff "did not provide any evidence that work was done during [the] trip[.]" *Id*.

In its Reply [60], Plaintiff states that it would "accept attributing 50% travel time for the Motion to Compel hearing and the other 50% to the Motion to Withdraw hearing." [60] at 4. The Court finds this acquiescence reasonable and reduces the time spent traveling for the motion hearing to 1.9 hours. That said, some courts compensate travel time at fifty percent of the attorney's hourly rate in the absence of documentation that any legal work was accomplished during the travel time. *See Gardner v. CLC of Pascagoula, LLC*, 2020 WL 426490, at *3 (S.D. Miss. Jan. 27, 2020); *see also JGT, Inc. v. Ashbritt, Inc.*, 2011 WL 1323410, at *4 (S.D. Miss. Apr. 5, 2011).

---

[6] This argument is unconvincing. The Court set the hearing on the Motion to Withdraw [46] *before* Plaintiff filed its objection since Defendants did not join in or consent to the Motion [46] as required by L.U. Civ. R. 83.1(b)(3). Indeed, it was not until the day before the motion hearing that Defendants filed a "Notice of Consent to Motion to Withdraw as Counsel" [52]. And, because several Defendants are limited liability companies, the Court wanted to ensure that they were aware that they cannot proceed *pro se* before allowing the withdrawal of counsel. *See* Order [47].

6

Here, the time entry provided by Plaintiff's counsel indicates that the time spent traveling consisted only of "[d]riv[ing] to and from Hattiesburg, MS for hearing on Motion to Compel and Motion to Withdraw." [56-1] at 15. Plaintiff's counsel does not state that he accomplished any legal work during his travel time. Accordingly, the Court finds that Defendants should not be required to pay the full rate for the 1.9 hours spent traveling in connection with the motion hearing. Defendants shall instead be responsible for 1.9 hours of Mr. Mangum's travel time at a rate of $155.00 per hour, totaling $294.50.

***Conclusion***

In sum and having applied the *Johnson* factors, the Court awards Plaintiff's Motion for Attorney's Fees and Costs [55] in part. Plaintiff should be awarded an hourly rate of $310.00 for 5.55 hours collectively spent drafting the Motion to Compel [43] and preparing for and attending the March 20, 2025, motion hearing, totaling $1,720.50. Plaintiff should also be awarded an hourly rate of $155.00 for 1.9 hours spent traveling in connection with the motion hearing, totaling $294.50. Overall, the Court finds that Plaintiff should be awarded $2,015.00 in attorney's fees and costs.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Attorney's Fees and Costs [55] is GRANTED in part and DENIED in part;

2. Plaintiff is awarded reasonable attorney's fees in the amount of $2,015.00;

3. Defendants shall pay to Plaintiff, through Plaintiff's counsel, the sum of $2,015.00 on or before May 15, 2025; and

4. All other relief demanded in the Motion [55] is DENIED.

SO ORDERED, this the 16th day of April, 2025.

                                                  s/Michael T. Parker
                                                  United States Magistrate Judge